1

2    HON. BENJAMIN H. SETTLE

3

4

5

6

7

8

9
                    UNITED STATES DISTRICT COURT
10                 WESTERN DISTRICT OF WASHINGTON
11                            AT TACOMA

12   WASTE ACTION PROJECT,              )
                                        )      No. 12-cv-05112-BHS
13        Plaintiff,                    )
                                        )      CONSENT DECREE
14        v.                            )
                                        )
15                                      )
     TRUCK FORCE LLC,                   )
16                                      )
                                        )
17        Defendant.                    )
                                        )
18   _____)

19
          WHEREAS, Plaintiff Waste Action Project filed a Complaint against Defendant
20
21   Truck Force LLC on February 9, 2012 alleging violations of the Clean Water Act, 33

22   U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility

23   located in Vancouver, Washington, seeking declaratory and injunctive relief, civil

24   penalties and attorneys fees and costs;
25
          WHEREAS, Defendant denies any fault, wrongdoing, or liability for all claims
26
27   and alleged violations;

28        WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in

29   CONSENT DECREE - 1                        SMITH & LOWNEY, P.L.L.C.
                                               2317 East John Street
                                               Seattle, Washington 98112
                                               (206) 860-2883

1    the best interest of the parties and the public, and that entry of this Consent Decree

2    without additional litigation is the most appropriate means of resolving this action; and

3        WHEREAS, Plaintiff and Defendant, without trial, adjudication, or admission of

4    any issues of fact or law with respect to Plaintiff's claims or allegations and without

5
6    admission of any fact, allegation, or legal argument contained in Plaintiff's sixty (60) day

7    notice or complaint in this action, consent to the entry of this Consent Decree.

8        NOW THEREFORE, upon consent of the parties and upon consideration of the

9    mutual promises herein contained, it is hereby

10

11

12        ORDERED, ADJUDGED AND DECREED as follows:

13

14    1.    This Court has jurisdiction over the parties and subject matter of this

15    action;

16

17    2.    The undersigned representative for each party certifies that he or she is

18    fully authorized by the party or parties whom he or she represents to enter into the terms

19    and conditions of this Consent Decree and to legally bind the party or parties and their

20    successors in interest to it.

21

22    3.    This Consent Decree shall apply to, and be binding upon, the parties, and

23    upon the successors and assigns of the parties.

24    4.    This Consent Decree shall apply to Defendant's operation and/or oversight

25    of its facility located at or about 9226 NE Highway 99, Vancouver, Washington 98665

26
27    (the "facility").

28    5.    This Consent Decree constitutes the exclusive remedy and a full and

29    CONSENT DECREE - 2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1  complete settlement of the claims alleged in the Complaint in this case and all other

2  claims known and unknown existing as of the date of entry of this Consent Decree, that

3  could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from

4  operations of the facility identified in paragraph 4 of this Consent Decree, which claims

5
6  are released and dismissed with prejudice.  Enforcement of this Decree shall be the

7  exclusive remedy of the plaintiff for any violation of its terms.

8      6.      This Consent Decree is a settlement of disputed facts and law and shall not

9  constitute evidence in any proceeding, an admission or adjudication with respect to any

10
11  allegation of the Complaint, any fact or conclusion of law with respect to any matter

12  alleged in or arising out of the Complaint, or admissions or evidence of any wrongdoing

13  or misconduct on the part of the Defendant or its successor.

14      7.      In full and complete satisfaction of the claims covered by the Complaint

15  filed in this case and all other claims covered by this Consent Decree, as described in

16
17  Paragraph 5, Defendant agrees to abide by and be subject to the following terms and

18  conditions for a period of two (2) years from the date of entry of this Decree:

19          a.      Defendant will comply fully with all conditions of its National

20  Pollutant Discharge Elimination System Permit No. WAR-012216 (the "NPDES permit")

21
22  and any successor, modified, or replacement permit;

23          b.      In the event Defendant triggers Level 2 corrective actions under its

24  NPDES permit, it will take one of two responses at the earliest practicable time and not

25  later than August 1 of the following year.  After triggering Level 2 corrective actions,

26
27  Defendant will either 1) pave the areas of heavy truck traffic at Defendant's facility with

28  Portland cement concrete pavement, pave the remaining portions of the facility with a

29  CONSENT DECREE - 3

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

surface of Defendant's choosing that will accommodate effective vacuum sweeping, and conduct vacuum sweeping of the entire facility on a quarterly basis, or 2) Isolate all storm-drains at the facility from vehicle traffic with traffic cones, bright rope, or some other clearly demarcated boundary to prevent vehicles from driving over the storm-drains, and install filter socks and/or straw bales around each storm-drain;

        c.     Defendant will, for a period of two years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES permit and the Clean Water Act, including but not limited to Discharge Monitoring Reports. These copies will be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the due date for submission of Discharge Monitoring Reports to the Department of Ecology as set forth in the NPDES permit.

        8.     Not later than sixty days after the date of entry of this Decree, Defendant will make a payment of $5,000.00 (FIVE THOUSAND DOLLARS) to the Lower Columbia Fish Enhancement Group for the Salmon Creek project that is described in Attachment A to this Decree. Such payments shall be made by check payable and mailed to the Lower Columbia Fish Enhancement Group, 12404 SE Evergreen Highway, Vancouver, WA 98683, with copies to Plaintiff.

        9.     Defendant will pay Plaintiff's reasonable attorney and expert fees and costs in an amount not to exceed $15,000 (FIFTEEN THOUSAND) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have

CONSENT DECREE - 4

under the Clean Water Act for fees and costs.  Payment of this amount will be made in two separate installments.  Defendant will pay a first installment of $7,500 (SEVEN THOUSAND FIVE HUNDRED) no later than 30 days after the date of entry of this Decree.  Defendant will make the second installment of the balance owed no later than 45 days after the date of entry of this Decree.

10.     Defendant will comply with all requirements of this Decree within the time periods specified herein.  If any event occurs that is outside of the reasonable control of Defendant (a "force majeure event" as defined below), which causes a delay in performing tasks required by this Decree, the delay will not constitute a failure to comply with the terms of this Decree, provided that Defendant has submitted written notification to Plaintiff no later than fifteen (15) days after the date that Defendant first concludes that such event has caused or will cause non-compliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, the measures taken or to be taken to prevent or minimize non-compliance, and a schedule for implementation of the measure to be taken.

A force majeure event will include, but not be limited to the following, to the extent they are outside the reasonable control of the Defendant and cannot be overcome by diligence:

A.     Acts of God, war, insurrection, or civil disturbance;

B.     Earthquakes, landslides, fire, floods;

C.     Actions or inactions of third parties over which Defendant has no control;

D.     Unusually adverse weather conditions;

CONSENT DECREE - 5

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

E.      Restraint by court order or order of public authority;

F.      Strikes; and

G.      Any other litigation or arbitration or mediation that causes delay.

Provided that Defendant complies with the notice provision of this paragraph, in the event that Defendant fails to comply or anticipates failing to comply with the requirements of this Decree because of a force majeure event, Defendant's failure to comply, as described in the written notice to Plaintiff under this paragraph, is not a violation of this Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

11.      The Court will retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 13. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties will first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or

CONSENT DECREE - 6

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1   substantially prevailing party, shall apply to any proceedings seeking to enforce the terms

2   and conditions of this Consent Decree.

3        12.    The parties recognize that no consent judgment can be entered in a Clean

4   Water Act suit in which the United States is not a party prior to 45 days following the

5
6   receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the

7   Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the

8   signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the

9   Administration of the U.S. EPA and the Attorney General.

10
         13.    This Consent Decree shall take effect on the date it is entered by the
11
12  Court. This Consent Decree shall terminate sixty (60) days following completion of all

13  obligations under it.

14       14.    The rule of construing ambiguities against the drafting party shall not

15  apply to this Decree.

16
17       15.    This Consent Decree may be modified only upon the written consent of

18  the parties and the approval of the Court.

19       16.    If for any reason the Court should decline to approve this Consent Decree

20  in the form presented, this Consent Decree and the settlement embodied herein shall be
21
22  voidable at the sole discretion of either party. The parties agree to continue negotiations

23  in good faith in an attempt to cure any objection raised by the Court to entry of this

24  Consent Decree.

25       17.    Notifications or copies required by this Consent Decree to be made to
26
    Plaintiff shall be mailed to **Waste Action Project, P.O. Box 4832, Seattle, WA 98194-**
27
28  **0832**. Notifications required by this Decree to be made to Defendant shall be mailed to

29  CONSENT DECREE - 7

1   Jim Hayes, Truck Force, LLC, 9226 NE Highway 99, Vancouver, WA 98665.

2

3   Dated and entered this 20 day of August 2012

4

5

6                                   HON. BENJAMIN H. SETTLE
7                                   UNITED STATES DISTRICT JUDGE

8   WASTE ACTION PROJECT

9   Signature:   _Greg Wingard_

10
    Title:   _Executive Director_
11

12   Dated:   _June 18th, 2012_

13   TRUCK FORCE LLC

14
    Signature:
15                          **James W Hayes**

16   Title:                Director of Safety & Compliance

17   Dated:   _6/18/2012_

18

19

20

21

22

23

24

25

26

27

28

29   CONSENT DECREE - 8                SMITH & LOWNEY, P.L.L.C.
                                       2317 EAST JOHN STREET
                                       SEATTLE, WASHINGTON 98112
                                       (206) 860-2883



June 11, 2012

RE: Truck Force Consent Decree

To whom it may concern:

In reference to the Truck Force Consent Decree the Lower Columbia Fish Enhancement Group ("LCFEG") has read and understands the requirements as of June 8, 2012. The Pleasant Valley project may be described as follows:

A total of 1000 native plants will be planted along bank at Pleasant Valley  on Salmon Creek.

Please see this letter as evidence that the LCFEG has read and understands the related Consent Decree, dated June 8, 2012.  All monies the LCFEG receives from the aforementioned Consent Decree will be spent the project as described above. On completion of the project the LCFEG will report back to the court and Department of Justice affirming that the money was spent in compliance.

Most Sincerely,

Tammy Weisman
Operations Director